<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZIA H. SHAIKH, | Civil Action Nos. 25-1638 (SDW) (AME) |
| Plaintiff, | 25-1952 (SDW) (AME) |
| v. | **OPINION** |
| HON. ROBERT KIRSCH, *et al.*, | |
| Defendants. | May 12, 2025 |

**WIGENTON**, District Judge.

Before this Court are two complaints (25-1638 D.E. 1; 25-1952 D.E. 1[1]), an application to proceed *in forma pauperis* (25-1638 D.E. 2), and a motion for a preliminary injunction (25-1952 D.E. 2) filed by *pro se* Plaintiff Zia H. Shaikh (Shaikh). Due to the similarity of the parties and claims, both complaints are addressed by this opinion. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* and his motion for a preliminary injunction are **DENIED**, and his complaints are **DISMISSED**.

**I.    BACKGROUND**

On January 13, 2025, Shaikh filed a complaint seeking emergency injunctive relief in the United States District Court for the District of Columbia. (25-1638 D.E. 1.) It named several Defendants, including federal and state judges in New Jersey who had previously decided cases involving Shaikh. (*Id.*) He also applied to proceed without payment of the filing fee, or *in forma*

---

[1] Because this opinion addresses two cases, citations to docket entries will be preceded by a case number.

1

*pauperis*. (25-1638 D.E. 2.)  No rulings were issued on either filing, and on February 25, 2025, the case was ordered transferred to this Court.[2]  (25-1638 D.E. 5.)  On March 14, 2025, Shaikh filed a separate complaint against the same Defendants in this Court.  (25-1952 D.E. 1.)  In that case, he neither paid the filing fee nor applied to proceed *in forma pauperis*.  He also filed a motion for an emergency preliminary injunction separately from the complaint.  (25-1952 D.E. 2.)

Shaikh's first complaint, although difficult to understand, appears to arise from legal proceedings concerning his divorce and child support and custody disputes.  He alleges that his "constitutional rights have been systematically violated by defendants since 2014" through judicial rulings, prosecutorial misconduct, unlawful arrests, and scheming by attorneys.  (25-1638 D.E. 1 pp. 6–26.)  He seeks injunctive relief, including the stay of a warrant, return of his "seized professional licenses," "[r]estoration of parental communication," and a "[d]eclaration voiding all challenged orders."  (*Id.* at 33–34.)  He requests at least $120,000,000 in damages.  (*Id.* at 34.)

The second complaint characterizes itself as a "Verified Criminal Complaint" and alleges that Defendants engaged in criminal activity including obstruction of justice, false imprisonment, and racketeering.  (25-1952 D.E. 1 pp. 1–2.)  In connection with this complaint, Shaikh requests that the Court "[r]equire law enforcement and judicial authorities to cease actions based on illegal judicial orders until a full federal investigation is conducted," direct Defendants to "[i]mmediately halt the enforcement of fraudulent child support orders," and "[c]ease any and all harassment, retaliation, and unlawful detention efforts against Plaintiff, including the enforcement of … contempt orders."  (25-1952 D.E. 2 p. 1.)

---

[2] Defendants in this case include federal judges for the District of New Jersey serving the Trenton vicinage.  The case was assigned to this Court pursuant to Local Civil Rule 40.1(g), which provides in part that "[a] civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station."

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), when a litigant proceeds *in forma pauperis*, the court may dismiss the complaint if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Additionally, under Local Civil Rule 40.1(g), when a civil action is filed against a judge in this district, the court may determine whether "the suit is patently frivolous, or if judicial immunity is plainly applicable."

"To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989)). Frivolous complaints "lack an arguable factual or legal basis." *Wilson*, 878 F.2d at 774; *see Schmidt v. Rivera*, Civ. No. 07-5297, 2007 WL 4547499, at *1–2 (D.N.J. Dec. 19, 2007) (dismissing as frivolous a complaint in which plaintiff sought "criminal arrest warrants" so that defendants "may be 'arrested and prosecuted to the fullest extent of the law'").

The standard for failure to state a claim under § 1915(e)(2)(B) is the same as that applied under Rule 12(b)(6), which requires that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Davis v. Samuels*, 608 F. App'x 46, 48 (3d Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Pro se* complaints are "liberally construed" and "held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also* Fed. R. Civ. P. 8(e). However, *pro se* complaints must still comply with Rule 8, which requires "a short and plain

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level …." *Id.*

The standard for judicial immunity is a high bar to overcome. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). Judges are also immune from lawsuits seeking injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." *Abulkhair v. Rosenberg*, 457 F. App'x 89, 90 (3d Cir. 2012) (per curiam) (quoting 42 U.S.C. § 1983). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority …." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359; *see also Abulkhair*, 457 F. App'x at 89 (second alteration in original) (quoting *Mireles*, 502 U.S. at 11) ("'[A]llegations of bad faith [and] malice' cannot overcome [judicial] immunity.").

"[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles,* 502 U.S. at 11. Whether an act qualifies as a judicial act depends on "the

4

nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

### III.　DISCUSSION

As an initial matter, Shaikh's complaints are procedurally deficient even before reaching screening under § 1915(e)(2)(B). The *in forma pauperis* application submitted with his first complaint is insufficient; Shaikh provided no information regarding his last employment or when it ended, and the only supporting documentation he provided is a July 2020 order from a different case. (25-1638 D.E. 2.) In his second case, he neither applied to proceed *in forma pauperis* nor paid the filing fee. Both cases could be closed on the basis that Shaikh has neither been granted leave to proceed *in forma pauperis* nor paid the filing fee. (*See* 25-1952 D.E. 4); *Hoffman v. Cnty. of Atl.*, Civ. No. 12-7018, 2013 WL 12155820, at *2 (D.N.J. May 24, 2013).

Even if Shaikh had been granted *in forma pauperis* status or paid the filing fees, however, neither case survives screening under § 1915(e)(2)(B). It is clear that both complaints fail to state a claim and that judicial immunity applies. These two complaints appear to be the latest examples of Shaikh's "steadfast, unrelenting refusal to accept the results of his divorce proceedings or to heed the clear, repeated signal sent by multiple courts' decisions dismissing his various lawsuits." *Shaikh v. Germadnig*, 2023 WL 4534127, at *1, *2 nn.2–3 (D.N.J. July 13, 2023) (enumerating nineteen federal actions in this district and eight state actions in New Jersey filed by Shaikh in connection with his divorce), *aff'd*, No. 23-2301, 2024 WL 2861845 (3d Cir. June 6, 2024) (per curiam).

First, both complaints must be dismissed for failure to state a claim. Shaikh alleges that Defendants, including state judges, district and magistrate judges, and a Third Circuit judge, formed an enterprise to unlawfully detain him, seize his assets, revoke his professional licenses, prevent him from contacting his children, and commit federal crimes such as wire fraud and obstruction of justice. (25-1638 D.E. 1; 25-1952 D.E. 1.) These claims do not come close to meeting Rule 12(b)(6)'s standard. They are wholly conclusory, and he does not provide "sufficient factual matter" to make them plausible. *Iqbal*, 556 U.S. at 678. His statements that Defendants behaved illegally, unaccompanied by any underlying facts (*see, e.g.*, 25-1638 D.E. 1 pp. 6–26 (alleging that Defendants "[p]articipated in systematic rights deprivations," "[c]oordinated … to obstruct justice," and "[f]acilitated ongoing constitutional violations"); 25-1952 D.E. 1 pp. 2–3 (alleging a "legal and financial enterprise misusing court systems to facilitate fraud and human trafficking," "systematic[] … obstruction of justice, destruction of evidence, and procedural manipulation," and "fraudulent contempt proceedings, unlawful fee assessments, and coercion through the legal system")), "do not permit [this Court] to infer more than the mere possibility" that Defendants violated Shaikh's rights. *Iqbal*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). Such "unadorned[] the-defendant-unlawfully-harmed-me-accusation[s]" are quintessentially insufficient under Rule 8(a)(2). *Iqbal*, 556 U.S. at 678.

The second complaint also fails to state a claim because it is untimely. The only date in the complaint is November 28, 2017, when Shaikh alleges a "[f]raudulent [b]ench [w]arrant" was issued. (25-1952 D.E. pp. 2–3.) Shaikh's claims appear to be mostly "[c]ivil rights or constitutional torts claims," which have a statute of limitations of two years in New Jersey. *Germadnig*, 2023 WL 4534127, at *26 (citing N.J. Stat. Ann. § 2A:14-2). Civil RICO claims have a limitations period of four years. *Id.* Common law fraud claims have a statute of limitations of

six years. *Id.* As discussed below, Shaikh is unable to file a criminal complaint, but even if he could, there is a five-year statutory period for charging criminal offenses. 18 U.S.C. § 3282. Over seven years have passed since the only date in this complaint, so regardless of which category Shaikh's claims fall into, they are untimely and must be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations … show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim ….").

The second complaint must also be dismissed because it is frivolous, or "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Plaintiff filed this complaint as a "Verified Criminal Complaint," and his claims arise only under federal criminal statutes. (25-1952 D.E. 1 p. 1.) He identifies himself as a "federal witness and private attorney general" and writes that "the United States Attorney is legally required to present this case to a federal grand jury for immediate review and prosecution." (*Id.* at 1, 3.) He also seeks seizure of assets, indictments, and $75,000,000 in damages. (*Id.* at 6.) Shaikh's filing of these criminal charges is indisputably meritless because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Diaz v. Cumberland Cnty. Jail*, Civ. No. 10-3932, 2010 WL 3825704, at *6 (D.N.J. Sept. 23, 2010) (quoting *Mercer v. Lexington Fayette Urban Cnty. Gov't.*, 52 F.3d 325, *1 (6th Cir. 1995)). "[P]rivate citizen[s are] without the authority to file criminal charges." *Id.* Accordingly, Plaintiff's second complaint, containing only criminal charges, must be dismissed as frivolous.

Finally, both complaints must be dismissed because judicial immunity plainly applies. Plaintiff seeks both damages and injunctive relief. Judicial immunity always applies in damages cases, and it applies absent specific circumstances, which are not present here, in injunctive relief cases. *Figueroa*, 208 F.3d at 440; *Abulkhair*, 457 F. App'x at 90. Moreover, neither of the "only

two sets of circumstances" abrogating judicial immunity are present here. *Mireles,* 502 U.S. at 11. Shaikh has not articulated that any of the judges he is suing was acting in a nonjudicial capacity when they committed the challenged acts. To the contrary, he appears to be suing them for rulings they made, which, as "function[s] normally performed by a judge," are judicial acts. *Figueroa*, 208 F.3d at 443. Judicial immunity therefore cannot be overcome on this basis. *See Dey-El v. Rosenberg*, Civ. No. 14-07091, 2015 WL 4391399, at *3 (D.N.J. July 15, 2015) (holding that family court judge "acted within his judicial capacity by issuing [an] order for child support arrears").

Shaikh also offers no basis, aside from conclusory, contextless statements, that any of the complained-of judicial acts were done without jurisdiction. (*See, e.g.*, 25-1638 D.E. 1 pp. 3 (alleging that his "[a]ssets continue to be seized without jurisdiction"), 8 (alleging that judge "[i]ssued void ex parte orders without jurisdiction on April 23, 2014"), 20 (alleging that Defendants "[c]oordinated enforcement actions without jurisdiction"), 21 (describing November 28, 2017 bench warrant as "[i]ssued without jurisdiction"), 27 ("alleging that Defendants "[i]ssu[ed] orders without jurisdiction or notice"), 29 (alleging that he was detained without jurisdiction); 25-1952 D.E. 1 p. 2 ("The November 28, 2017, bench warrant remains illegally active despite lacking jurisdiction.").[3])

Because Plaintiff includes few citations and sparse detail, it is not clear exactly which judges he alleges acted without jurisdiction. To the extent the claims are comprehensible, however, they are without merit. For example, he has already challenged the November 28, 2017 bench warrant on the basis that it was issued without jurisdiction. *Shaikh*, 2023 WL 4534127, at *10. The District Court denied the requested injunctive relief and dismissed the complaint, and

---

[3] Shaikh indicates that he attached "Certified Copies of Fraudulent Court Orders … [d]emonstrating lack of jurisdiction" to the complaint, but no documents are attached. (25-1952 D.E. 1 p. 6.)

the Third Circuit affirmed. *Id.*; *Shaikh*, 2024 WL 2861845, at *4. Shaikh has also already challenged the April 23, 2014 order and his 2014 incarceration on jurisdictional grounds. *Shaikh v. Einbinder*, Appellant's Br., 2021 WL 6072198, at *16–18 (Dec. 20, 2021). The Third Circuit affirmed that those actions "were taken by the defendant judges in their judicial capacity and not in the complete absence of jurisdiction." *Shaikh v. Einbinder*, No. 21-3115, 2022 WL 1314690, at *1 (3d Cir. May 3, 2022) (per curiam).[4] Shaikh offers no basis on which to conclude those rulings were invalid or that any of the judicial actions he complains of were taken without jurisdiction. Accordingly, judicial immunity applies and these allegations must be dismissed.

### IV. CONCLUSION

For the reasons stated above, Shaikh's application to proceed *in forma pauperis* (25-1638 D.E. 2) and his motion for a preliminary injunction (25-1952 D.E. 2) are **DENIED**, and his complaints are *sua sponte* **DISMISSED** with prejudice. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
   André M. Espinosa, U.S.M.J.

---

[4] To the extent Shaikh's claims against Defendants have already been decided by other courts, they are also barred by the doctrine of *res judicata*, which prevents relitigation of claims that have already been finally decided on the merits. *Purter v. Heckler*, 771 F.2d 682, 689–90 (3d Cir. 1985) (footnote omitted) ("*Res judicata*, or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand.").